FILED
2026 Oct-05 PM 04:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

In the

# United States Court of Appeals

For the Eleventh Circuit

---

No. 26-12444

---

In re: CATHERINE B. CROCKETT,

*Petitioner.*

---

On Petition for Writ of Mandamus to the
United States District Court for the
Northern District of Alabama
D.C. Docket No. 4:25-cv-01262-CLM

---

Before JORDAN, JILL PRYOR, and KIDD, Circuit Judges.

BY THE COURT:

Catherine Crockett, proceeding pro se, petitions this Court for a writ of mandamus arising out of a civil case that she filed in the U.S. District Court for the Northern District of Alabama in August 2025. In May 2026, the district court dismissed the case with prejudice, denied Crockett's pending motions, and closed the

case. In her petition, which she filed in July 2026, Crockett argues that the district court was biased against her and improperly denied her 28 U.S.C. § 455 motion for recusal. She also argues that the district court's order dismissing her case is void because pleadings that Crockett filed highlighting the alleged bias of the district court judge subjected him to mandatory recusal and deprived him of authority to enter orders in her case. As relief, Crockett asks that this Court: (1) order her case reassigned to a different district court judge; (2) vacate the district court's dismissal of her case and denial of her pending motions; (3) direct the new district court judge that is assigned to her case following this Court's reassignment order to conduct a de novo review of her unresolved motions and pleadings; and (4) direct that the district court's record is preserved.

Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (quoting *In re Temple,* 851 F.2d 1269, 1271 (11th Cir.1988)). Mandamus may not be used as a substitute for appeal or to control decisions of the district court in discretionary matters. *Id.* When an alternative remedy exists, mandamus relief is not proper. *See Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1298 (11th Cir. 2004). The petitioner has the burden of showing that he has no other avenue of relief, and that his right to relief is clear and indisputable. *Mallard v. United States Dist. Court*, 490 U.S. 296, 309 (1989). The All Writs Act authorizes this Court to issue writs in aid of our jurisdiction, but

cannot be used to expand our appellate jurisdiction. *Rohe v. Wells Fargo Bank, N.A.*, 988 F.3d 1256, 1263-65 (11th Cir. 2021).

Under 28 U.S.C. § 455, a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or in any circumstances "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). Disqualification is only required when the alleged bias is personal in nature, that is, stemming from an extra-judicial source. *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994). "[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality recusal motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Likewise, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. This Court has held that "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (quotation omitted).

The courts of appeals have jurisdiction over "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. In a civil case, a plaintiff must file her notice of appeal within 30 days after the judgment's entry. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). An appeal from a final judgment

brings up for review all preceding non-final orders. *Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1229 (11th Cir. 2020).

A district court's pre-judgment ruling on recusal or disqualification is reviewable upon appeal after issuance of a final judgment. *Steering Comm. v. Mead Corp. (In re Corrugated Container Antitrust Litig.*), 614 F.2d 958, 960-62 (5th Cir. 1980). Accordingly, such a ruling is not reviewable on appeal until the litigation is final, though a writ of mandamus may issue to correct such a decision before the litigation is final in "exceptional circumstances amounting to a judicial usurpation of power." *Id.* at 960-62 & n.4 (quotation marks omitted); *see id.* at 961-62 (declining to grant mandamus relief relating to a district court judge's refusal to recuse himself where full review of the issue was available on appeal).

Here, Crockett is not entitled to mandamus relief because she had the adequate alternative remedy of challenging the district court's denial of her § 455 motion for recusal, and its potential effect on the order dismissing her case, on appeal after the district court entered its dismissal order. Crockett has not demonstrated exceptional circumstances warranting the recusal of the district court judge through mandamus, as her case is closed and she could have appealed the district court's adverse rulings within 30 days after the court dismissed her case.

Any argument that an appeal would not have served as an adequate alternative remedy is unavailing because a successful appeal would have provided Crockett with the same relief she

currently seeks in mandamus—an order from this Court vacating the district court's dismissal order and directing the district court judge's disqualification. But Crockett may not use a mandamus petition, filed after the time to appeal has expired, to seek relief that could have been obtained through a timely appeal.

Because Crockett is not entitled to the recusal of the district court judge through mandamus, she is not entitled to relief on her remaining requests, as they are all based on her contention that the district court judge should be recused.

Accordingly, Crockett's mandamus petition is hereby **DENIED**.